**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2244-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TYSHAWN WEBB,

     Defendant-Appellant.

_____

Submitted February 27, 2019 – Decided March 21, 2019

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 13-03-0634 and 13-05-1090.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Charles C. Cho, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Tyshawn Webb appeals from a November 9, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in two separate indictments, stemming from two incidents on different dates, with the following: armed robbery, N.J.S.A. 2C:15-1; robbery, N.J.S.A. 2C:15-1; unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a); resisting arrest, N.J.S.A. 2C:29-2(a); and aggravated assault, N.J.S.A. 2C:12-1(b)(2). Recognizing he risked potential imprisonment of up to thirty years in prison on the two separate robbery charges alone, defendant entered into an agreement with the state to plead guilty to first-degree robbery and second-degree robbery with a total maximum exposure of ten years in prison.

During the plea colloquy, defendant acknowledged he signed the plea forms, he answered the questions on the forms honestly, no one threatened him or made any promises in return for his guilty plea, and he was not under the influence of any substance that would impair his ability to understand the plea proceeding. In addition, defendant stated he was satisfied with the services of his attorney. Based on defendant's testimony during the plea colloquy, the judge found defendant

> understands the charges, has competent counsel, knows the maximum penalties. He admits to the charges. He entered the plea freely and voluntarily. He's voluntarily waived his right to a jury trial, self-incrimination. He's given us a factual basis. He understands the consequences of parole ineligibility. He understands what the No Early Release Act is about . . . .

The sentence was imposed by the same judge who conducted the plea hearing. At sentencing, defense counsel asked the judge to sentence defendant one degree lower and the judge explained why, in accordance with the law, he was unable to do so. Defendant was sentenced in accordance with the negotiated plea to ten years in prison on the first-degree robbery charge with an eighty-five percent parole disqualifier pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-72, and a concurrent eight years under NERA on the second-degree robbery charge with the same eighty-five percent parole ineligibility.

Defendant filed a PCR petition on May 8, 2017. In his petition, defendant alleged ineffective assistance of counsel because defense counsel failed to conduct any pretrial investigation; forced him to plead guilty; failed to file a motion for a reduced sentence. Defense also alleged an insufficient factual basis for his plea to first-degree robbery.

In a written decision dated November 6, 2017, the PCR judge concluded defendant failed to set forth facts that would support a claim of ineffective

A-2244-17T1

assistance of counsel beyond defendant's self-serving assertions. The judge found "[t]here is no further elaboration as to how [defendant] was 'forced' to plead guilty, how his counsel failed to conduct pretrial investigations, or that there was an insufficient factual basis for his guilty plea."

On the issue of defense counsel's purported failure to seek a more favorable sentence, the PCR judge found defendant's argument was belied by a review of the sentencing hearing transcript. During sentencing, defense counsel requested the judge sentence defendant to a degree lower for the first-degree robbery charge. Thus, the PCR judge found defendant's argument was "meritless."

In rejecting defendant's argument regarding the voluntariness of his plea, the PCR judge held "the trial court's plea colloquy with [defendant] plainly addresses the charged offenses, [defendant's] understanding of the offenses, and his constitutional right to a trial by jury." The PCR judge noted the plea hearing judge emphasized "the consequences of accepting a guilty plea and [defendant's] inability to take it back once entered." Based on a review of the guilty plea transcript, the PCR judge concluded defendant's "plea was entered knowingly and voluntarily."

4

On appeal, defendant raises the following argument:

POINT I

THE LAW DIVISION ERRED BY DENYING DEFENDANT'S PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

 A. THIS [C]OURT SHOULD REMAND FOR AN EVIDENTIARY HEARING ON DEFENDANT'S PCR PETITION.

 B. ALTERNATIVELY, THIS [C]OURT SHOULD AT LEAST REMAND FOR RECONSIDERATION SO THAT THE LAW DIVISION CAN MAKE RELEVANT FINDINGS OF FACT BEFORE DECIDING WHETHER AN EVIDENTIARY HEARING IS WARRANTED.

According to defendant, an evidentiary hearing was required to determine whether defense counsel was ineffective for advising defendant to plead guilty without conducting any pretrial investigation. In addition, defendant contends he is entitled to withdraw his guilty plea because it was neither knowing nor voluntary.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-part test enunciated in Strickland v. Washington by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987).

5

To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate a reasonable likelihood of succeeding under the Strickland/Fritz test. See State v. Preciose, 129 N.J. 451, 463 (1992). A defendant "must do more than make bald assertions[,] . . . [and] must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). In the context of a guilty plea, a defendant is required to show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

The PCR judge noted a complete absence of any information to support defendant's ineffective assistance of counsel claim. Defendant offered no evidence that had his defense counsel conducted a more thorough pretrial investigation, defendant would have elected to proceed to trial rather than enter a guilty plea.

Defendant faced a potential sentence of thirty years in prison on the robbery charges alone. By entering a guilty plea, defendant received a substantially lesser sentence. All other charges against defendant were dismissed. We discern no basis to disturb the PCR judge's determination that

6

defendant failed to make a prima facie case of ineffective assistance of counsel if counsel advised defendant to plead guilty.

Nor does the record support defendant's request to withdraw his plea because it was not knowing and voluntary. At the plea hearing, defendant expressly stated he understood his rights, waived his right to a jury trial, acknowledged the maximum penalties that could be imposed, admitted to the charges, and was satisfied with his attorney's services. The record demonstrates defendant unequivocally waived his rights and entered his plea knowingly and voluntarily. We are satisfied defendant failed to establish a prima facie case of ineffective assistance of counsel because his plea was knowing and voluntary.

Since defendant failed to make a prima facie showing of ineffective assistance of counsel, no evidentiary hearing was required. Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION